OPINION
Defendant Donald Butler appeals a judgment of the Municipal Court of Canton, Stark County, Ohio, which convicted and sentenced him for possession of drug paraphernalia in violation of R.C. 2925.14, after appellant changed his plea from not guilty to no contest. Appellant assigns a single error to the trial court:
 ASSIGNMENT OF ERROR THE TRIAL COURT'S DENIAL OF THE DEFENDANT-APPELLANT'S MOTION TO SUPPRESS WAS AN ERROR OF LAW.
The record indicates on April 26, 2001, appellant and his brother were seated in the brother's legally parked car on Howington Circle at approximately 1:00 a.m. Officers Clary and Smith of the Canton City Police Department were on patrol when they observed appellant's unlit vehicle parked at the side of the road. Officer Clary turned on the patrol car's headlights and spot light, and saw appellant in the passenger's seat and his brother in the driver's seat of the vehicle. Clary testified he observed the driver pass something to appellant as the two were moving around in the vehicle. Appellant then reached downward below the dash board. Officer Smith approached the driver's side while Officer Clary approached appellant's side of the vehicle. Officer Clary noticed appellant had something in his hand, and observed open beer containers and a plastic baggy in plain view. A search of the automobile uncovered two glass crack pipes under appellant's seat. Analysis of the pipes revealed crack cocaine in both pipes.
At the hearing on the motion to suppress evidence seized at the scene, Officer Clary described the area as "known for criminal activity." It is a dead end street, but on the night in question a nearby business was open, operating a midnight shift. Officer Clary testified he saw no suspicious activity on the part of either man until after he had initiated the traffic stop, when he saw suspicious movements.
Appellant challenges the trial court's overruling of his motion to suppress. As appellant correctly points out, the test for the constitutionality of a stop of an automobile is whether the officer had reasonable suspicion of criminal activity, Berkemer v. McCarthy (1984),468 U.S. 420. The officer must be able to give reasonable and articulable suspicion warranting the stop, see Terry v. Ohio (1968), 392 U.S. 1. An investigatory stop does not violate constitutional restrictions even if the officer lacked probable cause to make an arrest, see State v. Bobo
(1988), 37 Ohio St.3d 177.
Appellant concedes the contraband was in plain view after the officers approached the car.
In the past, this court has found no traffic stop was effectuated if the subject had already voluntarily stopped the vehicle, see State v.Matz (March 26, 1997), Fairfield App. No. 96CA55, unreported. The Matz
vehicle had overheated on a narrow township road.
In Matz, this court found if an officer observes a legally parked vehicle along the side of the road, the officer may investigate and ascertain whether the driver needs assistance. This public safety consideration is different from any duty the officer might have to conduct an investigatory stop because of potential criminal activity,Matz, at 2.
In the case at bar, the officer testified he initiated a traffic stop of the vehicle, although he could not remember whether he used his overhead lights as well as his headlights and flood lights. We find whether the officer viewed it as a stop is legally insignificant, because the issue of whether it was a traffic stop is a legal issue not a factual one.
We find when an officer observes a parked and unlit vehicle by the side of the road, the officer may approach the vehicle and ascertain whether there are occupants who need assistance. We find the officer did not effectuate a traffic stop.
The assignment of error is overruled.
JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Canton, Stark County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence. Costs to appellant.
Hon. W. Scott Gwin, P.J. Hon. Sheila G. Farmer, J. Hon. John W. Wise, J. concur.